**Elliott SCHWARTZ, an individual on behalf of himself and all others similarly situated; Nicole C. Giampaulo; Willie Jo Jimmerson, individually and on behalf of all others similarly situated; Daniel Ryan, individually and on behalf of all others similarly situated; Mary Ann Williams, individually and on behalf of all others similarly situated;, Plaintiffs—Appellees,**

**Charles C. Yeomans, Intervenor—Appellant,**

**and**

**John G. Davisson; James W. East; Carmen Schiltz; Mitchell A. Guzik; Debra Ramchandani; David G. Behenna; Franklin Grady; Margaret Winkler; Hannah Feldman; Steven Simon; Alan J. Spitz; J. Garrett Kendrick, Intervenors,**

**v.**

**CITIBANK (SOUTH DAKOTA), N.A.; Universal Bank; Universal Financial Corporation, Defendants—Appellees.**

Elliott Schwartz, an individual on behalf of himself and all others similarly situated; Nicole C. Giampaulo; Willie Jo Jimmerson, individually and on behalf of all others similarly situated; Daniel Ryan, individually and on behalf of all others similarly situated; Mary Ann Williams, individually and on behalf of all others similarly situated;, Plaintiffs—Appellees,

David G. Behenna, Intervenor—
Appellant,

and

John G. Davisson; James W. East; Carmen Schiltz; Mitchell A. Guzik; Debra Ramchandani; Charles C. Yeomans; Franklin Grady; Margaret Winkler; Hannah Feldman; Steven Simon; Alan J. Spitz; J. Garrett Kendrick, Intervenors,

v.

Citibank (South Dakota), N.A.; Universal Bank; Universal Financial Corporation, Defendants—Appellees.

Elliott Schwartz, an individual on behalf of himself and all others similarly situated; Nicole C. Giampaulo; Willie Jo Jimmerson, individually and on behalf of all others similarly situated; Daniel Ryan, individually and on behalf of all others similarly situated; Mary Ann Williams, individually and on behalf of all others similarly situated, Plaintiffs—Appellees,

and

John G. Davisson; James W. East, Intervenors,

v.

Universal Bank; Universal Financial Corporation;, Defendants—
Appellees,

Steven C. Simon; Alan J. Spitz; Daniel J. Kelley, Real Parties in Interest—Appellants.

Elliott Schwartz, an individual on behalf of himself and all others similarly situated; Nicole C. Giampaulo; Willie Jo Jimmerson, individually and on behalf of all others similarly situated; Daniel Ryan, individually and on behalf of all others similarly situated; Mary Ann Williams, individually and on behalf of all others similarly situated, Plaintiffs—Appellees,

v.

Citibank [South Dakota], N.A.; Universal Bank; Universal Financial Corporation;, Defendants—Appellees,

David G. Behenna, Real-party-
in-interest—Appellant.

Nos. 00–56958, 00–57037,
01–55177, 01–55179.

D.C. No. CV–00–00075–LGB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2002.

Decided Oct. 10, 2002.

Before THOMPSON and RAWLINSON, Circuit Judges, and SCHWARZER, District Judge.*

## MEMORANDUM **

The appellants in these cases, Charles C. Yeomans, David G. Behenna, and Ste-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ven C. Simon et al., raise several objections relating to the district court's conditional certification of a class for settlement purposes, approval of the settlement, and award of attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291.

■ As an initial matter, the appellants Behenna and Yeomans, unnamed class members who failed to intervene before the district court, have standing to appeal the district court's judgment approving the settlement. *See Devlin v. Scardelletti,* ── U.S. ──, 122 S.Ct. 2005, 2013, 153 L.Ed.2d 27 (2002). We reject, however, these appellants' contentions that conditional class certification was improper, that notice was insufficient, and that the district court failed to properly evaluate the fairness of the settlement.

■ Although the district court failed to make explicit findings regarding the appropriateness of class certification, we need not remand to allow the entry of self-evident findings. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1023 (9th Cir.1998). The class, as defined by the district court, was sufficiently cohesive to satisfy the requirements of Federal Rule of Civil Procedure 23(b)(3). *See Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). Regardless of the potential differences in damages suffered by class members, all of their claims stem from Citibank and Universal's failure to credit payments to consumers' accounts as of the date on which they were received, unless the payments were received before 10:00 AM that day. Thus, the class members' claims are "sufficiently cohesive to warrant adjudication by representation." *Id.* (citation omitted). In addition, the named class representatives adequately and fairly represent the interests of the class as required by Federal Rule of Civil Procedure 23(a)(4). There is no inherent conflict of interest between the named plaintiffs, all of whom actually suffered late fees or finance charges as a result of defendants' polices, and those class members who suffered no similar injury. *Hanlon,* 150 F.3d at 1020. The overarching goal of this litigation was to reimburse cardholders for finance charges and late fees actually incurred as a result of the defendants' early cut-off policy, and to change that policy. Each of the class plaintiffs, regardless of whether a monetary loss was suffered, had a similar interest in obtaining relief from the defendants' policy. *See In re Mego Fin. Corp. Sec. Litig.,* 213 F.3d 454, 462 (9th Cir.2000). We conclude that class certification was appropriate.

The claims asserted on appeal challenging the timeliness and sufficiency of notice have been waived because they were not raised in the district court. *Arizona v. Components, Inc.,* 66 F.3d 213, 217 (9th Cir.1995).

■ We also conclude that the settlement approved by the district court, including the provision for the independent payment of attorney fees, was "fundamentally fair, adequate, and reasonable." Fed. R.Civ.P. 23(e); *In re Mego,* 213 F.3d at 458. A cash settlement fund in the amount of $18 million was established to reimburse class members for finance charges and late fees incurred as a result of Citibank and Universal's early payment cut-off policy and to provide statutory damages. Citibank and Universal also agreed to substantial other relief, estimated by class counsel's expert to be worth at least another $18 million. Finally, Citibank and Universal agreed to independently pay class counsel's fees, in an amount to be determined by the district court, and agreed not to oppose an application seeking fees of up to $9 million.

Although the district court made no explicit findings, appellants have not shown approval of the settlement to have been an

abuse of discretion. *Hanlon*, 150 F.3d at 1026–27. Nor have they shown anything inherently improper about the parties' negotiation of an agreement providing for the independent payment of class counsel's fees, and Citibank and Universal's agreement not to oppose a fee application which sought up to $9 million. *See Evans v. Jeff D.*, 475 U.S. 717, 738–40, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986); *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1325–26 (9th Cir.1999).

■ We reject the arguments of the appellants Behenna and Simon et al. challenging the method used by the district court to calculate class counsel's fees and the ultimate amount of fees awarded. Even assuming that the settlement did not create a "common fund" as a result of the agreement that class counsel's fees would be paid independently by Citibank and Universal, the district court was not required to apply the lodestar method to calculate class counsel's fees. *See Wing v. Asarco, Inc.*, 114 F.3d 986, 990 (9th Cir. 1997) (declining to establish bright line rule requiring the application of a particular method for calculating a fee award in a case such as this where class counsel's fees are to be paid independently, rather than out of the settlement fund). The district court articulated adequate reasons why the percentage of recovery method was preferable to the lodestar method of calculating class counsel's fees, and the court did not abuse its discretion in applying the former method rather than the latter.

The amount of the fees awarded to class counsel pursuant to the percent of recovery method was $7.2 million. That amount represented 20% of the $36 million total value of the settlement. Given the factors articulated by the district court, the court did not abuse its discretion in awarding

fees of $7.2 million. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir.2002).

Finally, as stated above, it was not improper for the settlement agreement to provide for the independent payment of attorney fees by Citibank and Universal. Under the settlement agreement, Citibank and Universal did not agree to pay $9 million in attorney fees. They agreed to pay fees in an amount to be determined by the court, up to a maximum of $9 million. The court determined the amount of fees to be paid was $7.2 million. Citibank and Universal have no obligation to pay an additional $1.8 million to the class.

AFFIRMED.